SAVOY, Judge.
Plaintiff-appellant appeals from an' adverse judgment rendered against him in the district court. The trial court also dismissed a reconventional demand filed by defendant-appellee. Appellee did not appeal from the dismissal of the recon-ventional demand, nor did he answer the appeal.
This suit involves an action in tort by appellant against appellee, resulting from an automobile accident between an automobile driven by appellant and a truck driven by appellee. The accident occurred at the intersection of Louisiana State Highway 1 and Highway 14 in the Parish of Avoyelles, Louisiana.
Prior to the accident, plaintiff was driving his car on his right side of the road and was traveling in a westerly direction on Louisiana State Highway 1. Shortly prior to the accident, defendant was stopped at a filling station which is located at the southeast corner of the intersection of the aforementioned highways.
Defendant executed a “U” turn on the highway and was struck by the car driven by plaintiff in the south lane of Louisiana State Highway 1.
The trial court found that defendant was negligent in attempting a “U” turn on a State- highway without looking for oncoming traffic. The record reveals that defendant was guilty of gross negligence in crossing State Highway 1 in the manner in which he traversed said highway.
The Court will next consider the plea of contributory negligence set forth in ap-pellee’s answer.
The accident occurred in the south lane of traffic of State Iíighway 1 at approximately 5 :40 P.M. The weather was clear on the date of the accident, and the visibility was good. For approximately 600 yards prior to the place of the accident, the road was straight. There were also yellow markers for 1,000 feet prior to the place of the accident, which was a warning to motorists not to attempt to pass other motorists for the distance of the yellow line. The evidence reveals that plaintiff was guilty of contributory negligence which bars his recovery in the instant case for three reasons: (1) He should not have attempted to pass defendant in a portion of the highway where yellow markers were plainly visible; (2) He should not have attempted to pass the de *405 fendant at an intersection of two highways as this is forbidden by statute; and, (3) He was negligent in not having his car under proper control. We think the trial court correctly found that when plaintiff first saw defendant entering State Highway 1, he was at least 359 feet from the truck driven by defendant, and 540 feet from the point of impact. Had he been keeping a proper lookout ahead, he ■could have avoided the accident.
For the foregoing reasons, we find plaintiff guilty of contributory negligence which bars his recovery in the instant case.
Plaintiff has alternatively plead the doctrine of res ipsa loquitur. The doctrine is not applicable in this type of case.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.
On Application for Rehearing
En Banc. Rehearing denied.